### Rial Scott, Defendant in Error, v. F. E. Baker, Plaintiff in Error.

GAMBLING—*when money loaned to be used in, cannot be recovered.* Money loaned to enable the borrower illegally to speculate in grain cannot be recovered even though the lender did not expressly advise, abet or encourage the borrower in the commission of the illegal act; it is sufficient if the lender knew at the time he furnished the money that it was to be used for the purchase of illegal options.

Assumpsit. Error to the Circuit Court of Greene county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

MARK MYERSTEIN and J. M. RIGGS, for plaintiff in error.

HANLEY & COX and RAINEY & JONES, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in assumpsit by Rial Scott, defendant in error, against F. E. Baker, plaintiff in error. The declaration consists of the common counts only. The

defendant pleaded non-assumpsit, the Statute of Lim-
itations, and that the money claimed was knowingly
loaned by the plaintiff to the defendant to be used in
gambling in grain. With the plea of general issue the
defendant filed an affidavit of merits, which, after
averring that he verily believed that he had a good and
complete defense to the suit upon the merits to the
whole of plaintiff's demand, averred that the plaintiff
verily believed that the alleged cause of action in the
declaration mentioned, accrued more than five years
prior to the institution of the suit, and that the same
was for money loaned and advanced by the plaintiff
to the defendant for the express purpose to be used
by the defendant as margins on what are known as
grain option deals, and that such money was used by
the defendant on margins in such gambling option
deals. The third plea, omitting the formal parts, reads
substantially as follows: "that whatever amount of
money, if any, which the plaintiff alleges and claims
in his declaration to be due from the defendant to the
plaintiff, or any sums of money alleged in said declara-
tion, which it is claimed the defendant obtained from
the plaintiff, in any manner whatsoever, if any, were
knowingly lent and advanced by the plaintiff to the
defendant for the express purpose to be used by the
defendant for margins on option deals in grain which
the defendant was to buy or sell, without any inten-
tion of receiving or delivering such grain so purchased
or sold, and which said deals in said grain were then
and there intended to be made by the defendant to set-
tle accounts in such margin deals on grain by the pay-
ment of the differences, and not by the delivery or
receiving of any grain to be so purchased or sold by
the defendant; that said amounts were all so used by
the defendant with the advice and knowledge of the
plaintiff, for the purchase and sales of such grain
upon the payment of margins, and such purchases and
sales were so made by the defendant with the knowl-
edge and advice of the plaintiff, for the express pur-

pose of dealing in futures or options in the grain market, to be bought or sold according to the fluctuations of the grain market, and to be settled by the differences and not by the delivery or receipt of grain; that all of said option deals, when made, were so made by the defendant, with the money so claimed by the plaintiff, in his declaration, and were all so made, by the defendant, with the knowledge and advice of the plaintiff, in violation of law; that the plaintiff, when he so loaned or advanced to the defendant the alleged amounts of money so claimed in the declaration, did so lend and advance the same to the defendant, knowing that the defendant would use all of the same, for the purpose of applying the same, on margins, in such unlawful deals of grain, as aforesaid; that whatever amounts of money the plaintiff did so lend or advance to the defendant were all so used by the defendant for the purpose of margins on option deals in grain, with the knowledge and advice of the plaintiff.''

Issues were joined upon the first and second pleas. To the third plea a general demurrer was interposed and sustained by the court, and the defendant elected to abide by the same. A jury was then waived and the cause tried by the court. The court found the issues in favor of the plaintiff and rendered a judgment for $2,295 against the defendant. To reverse said judgment this writ of error is prosecuted.

While several errors are relied upon for reversal, they all relate to the question as to the sufficiency of the third plea.

Section 130 of the Criminal Code provides that ''whoever contracts to have or give to himself or another the option to sell or buy at a future time any grain or other commodity   *   *   *   shall be fined *   *   *   ; and all contracts made in violation of this section shall be considered gambling contracts and shall be void.'' Section 131 provides that ''all promises   *   *   *   the whole or any part of the considera-

tion whereof, shall be for money * * * won by gaming * * * or for the reimbursing or paying any money or property knowingly lent or advanced at the time and place of such play or bet to any person or persons so gaming or betting; or that shall, during such play or betting, so play or bet, shall be void and of no effect." Rev. Stat. 1905, p. 699.

In Cothran v. Ellis, 125 Ill. 496, the court, in construing the foregoing section, says: "It is clear from this section of the statute (section 131) without regard to the common law, there can be no such thing as a valid wagering contract in this state, and that he who knowingly advances money or other property to either of the contracting parties to be used for such purpose, is equally guilty with the parties to the wager, and no action will lie against the borrower to recover it back." It is there further held that a deal in "futures" or "options," to be settled according to the fluctuations of the markets, is void by the common law as contrary to public policy and as a crime against the state.

It is insisted by the defendant in error that the plea should contain an averment that advice or encouragement was given to the borrower by the lender before the loan had been actually made and the money had become the exclusive property of the borrower, or that the terms of the loan made it obligatory upon the defendant to use the money for the purpose for which it was borrowed.

Under the foregoing construction of the statute, we think the facts averred in the plea, if established, present a full and complete defense to the present action without regard to whether the plaintiff expressly advised, abetted or encouraged the defendant in the commission of the illegal act, and that it is sufficient if the lender knew at the time he furnished the money that it was to be used for the purchase of illegal options.

Such knowledge is expressly averred in the plea in the following language: "that the plaintiff, when he so loaned or advanced to the defendant the alleged

amounts of money so claimed in the declaration, did so lend and advance the same to the defendant, knowing that the defendant would use all of the same for the purpose of applying the same on margins in such unlawful option deals of grain as aforesaid.''

In the case of Charleston State Bank v. Edman, 99 Ill. App. 235, relied upon by defendant in error, the losses to pay which the money sued for was borrowed had fully accrued and the illegal option deal in which such losses were sustained, had been closed, prior to the time the money was loaned by the plaintiff to the defendant, with which to settle the same. Such case is thus distinguishable from that at bar.

We are further of opinion that the nature of the defense as set out in the defendant's affidavit of merits was sufficiently specific and in substantial compliance with the requirements of section 55 of the Practice Act. Laws of 1907, p. 455.

Because of the error of the court in sustaining the demurrer to the third plea, and in refusing to admit evidence in support of the same, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*